UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN GARRETT BAUTISTA, | No. C 04-187 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JIM BABCOCK, etc.; et al., | |
| Defendants. | |

## INTRODUCTION

Shawn Garrett Bautista, formerly an inmate at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment in which they assert this action must be dismissed because Bautista did not exhaust administrative remedies and argue that they are entitled to judgment as a matter of law on the merits of the claims in the complaint. Plaintiff has not opposed the motion. The action will be dismissed because administrative remedies were not exhausted before it was filed.

## BACKGROUND

In his complaint, Bautista alleged that he was retaliated against after he filed inmate grievances while he was incarcerated at the Santa Clara County Jail. He alleged that after he filed a grievance against corrections officer Turbovich in October 2003, she retaliated a few days later by denying him a full exchange of clean clothes and by moving him to a new cell. He alleged that corrections officer Ramirez retaliated against him in early November 2003 for filing a grievance against Turbovich by filing a "false negative classification input." Complaint, p. 10.

He also alleged that after he filed two more inmate grievances on November 13, 2003, corrections officer Hodges threatened to reclassify him to a more restricted classification if he persisted in filing grievances, and then did cause him to be rehoused in higher security level housing. Bautista filed this action on January 1, 2004.

The inmate grievance and appeal process for the Santa Clara County Jail was described in the "Inmate Orientation And Rule Book." Asban Decl., Exh. A. Inmates at the county jail were informed of that grievance and appeal process. The rule book described the grievance procedure:

> You may grieve any condition of confinement over which the Department of Correction has control. You should first direct your complaint to the Officer in charge of your housing unit. If the Officer is unable to resolve the grievance, you may then complete an Inmate Grievance Form and hand it to any Officer. The Officer should give the grievance a tracking number and give you a copy of the grievance. Grievance forms are available at the housing.
>
> If the Officer cannot resolve the grievance it will be forwarded to a Sergeant. The Sergeant will attempt to resolve the grievance. If the Sergeant cannot resolve the grievance, it will be forwarded to the Watch Commander. The Watch Commander will determine the appropriate actions to take and ensure you receive a written response.
>
> If a grievance is denied, a reason for denial will be noted on the grievance. You may appeal the decision by writing a letter to the Division Commander. The Division Commander will either affirm or reverse the decision and will give you a written response.

Asban Decl., Exh. A. The procedure also allowed inmates to correspond confidentially with either the Division Commander or the Chief of Correction.

Bautista alleged in his complaint that he filed many grievances about many problems at the Santa Clara County Jail – about 33 in a 6-week period. The county jail has no record of any written appeal to either Captain Gottlieb (the division commander at the Elmwood facility) or to Captain Wong (the division commander at the main jail facility) concerning the retaliation claims that were alleged in the complaint in this action.

2

## DISCUSSION

An inmate's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Although non-exhaustion normally should be asserted in an unenumerated Rule 12(b) motion, defendants' assertion of the defense in a motion for summary judgment will be permitted. If Bautista had filed an opposition to the motion for summary judgment, the court might not be able to decide the matter on summary judgment, e.g., there might be an argument that Bautista had presented only enough evidence to defeat the motion by raising a triable issue of fact on the exhaustion issue. However, because Bautista did not oppose the motion at all and his complaint does not state that he pursued his grievance to the highest level, there is no factual dispute for the court to decide. The other procedural distinction is that a finding of non-exhaustion results in a judgment of dismissal without prejudice rather than a judgment on the merits, as is usually the case if a defendant prevails on a motion for summary judgment. Defendants appear to understand that, as they ask for a dismissal due to Bautista's failure to exhaust.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any

departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). State regulations provide an administrative appeal system for the California prisons, but county sheriffs set their own administrative appeal systems for the county jails.

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).

The Santa Clara County Department of Corrections had an administrative appeal system for its county jails. The first step in that appeal process was for the inmate to make an effort at resolution with the officer in charge of the housing unit. If the problem could not be resolved at that level, the inmate was to submit a written grievance form and give it to any officer who would resolve it or forward it to a sergeant. If the sergeant could not resolve it, it would be forwarded to the watch commander, who would determine the appropriate actions to take and provide a written response. If the grievance was denied, the inmate was to appeal by writing a letter to the Division Commander who would provide a written response. See Asban Decl., Exh. A. In order to exhaust the administrative remedies process in the Santa Clara County Jail, the inmate had to appeal the lower level denials of his inmate appeal all the way to the division commander, as described in the Inmate Orientation And Rule Book.

The evidence is undisputed that Bautista never pursued any grievance about the alleged retaliation against him to the division commander level. This action must be dismissed because Bautista did not exhaust his available administrative remedies before he filed this action. His complaint was premature. The entire action must be dismissed without prejudice because administrative remedies were not exhausted as to any of the claims before this action was filed.

4

**CONCLUSION**

Defendants' motion for summary judgment is GRANTED. (Docket # 64.) This action is dismissed without prejudice to plaintiff filing a new action in which he asserts claims as to which administrative remedies have been exhausted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 7/30/07

_____
SUSAN ILLSTON
United States District Judge